## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Sonja Tsihae Amberg,

      Plaintiff,

v.                                                                Civil No. 16-0569 (SRN/FLN)

Head of German Embassy's Emergency Section, et al.,

      Defendants.

_____

Sonja Tsihae Amberg,

      Plaintiff,

v.                                                                Civil No. 16-0573 (SRN/FLN)

Calvin Litsey,

      Defendant.

_____

Sonja Tsihae Amberg,

      Plaintiff,

v.                                                                Civil No. 16-0577 (SRN/FLN)

Google, Microsoft,

      Defendants.

_____

Sonja Tsihae Amberg,

      Plaintiff,

v.                                                                Civil No. 16-0579 (SRN/FLN)

Clerk of Judge Tony Leung, et al.,

      Defendants.

_____

Sonja Tsihae Amberg,

       Plaintiff,

v.                                              Civil No. 16-0661 (SRN/FLN)

Foshay,

       Defendant.

---

Sonja Tsihae Amberg,

       Plaintiff,

v.                                              Civil No. 16-0665 (SRN/FLN)

Shinhan Bank, C.A., U.S.A., et al.,

       Defendants.

---

**ORDER DISMISSING ACTIONS WITHOUT PREJUDICE
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**

Plaintiff Sonja Tsihae Amberg has filed six pro se lawsuits over the past three weeks. Amberg did not pay the filing fees for those lawsuits, but instead applied for *in forma pauperis* ("IFP") status. Her IFP applications are now before the Court and must be considered before any other action may be taken in these matters.

Amberg's IFP applications differ slightly from one another and, in general, are difficult to interpret.[1] After review of the IFP applications, though, this Court is satisfied that Amberg likely qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim

---

[1] Amberg has also failed to sign (and thereby attest to the truthfulness of) three of the six pending IFP applications, as required by Fed. R. Civ. P. 11(a).

on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The Court has reviewed each of the complaints (and amended complaints) submitted by Amberg and finds that none of those pleadings states a claim on which relief may be granted. On the most basic level, Amberg's pleadings are often illegible; the Court simply cannot read many of the words Amberg has written. Even where the words on the page can literally be read, the Court often cannot understand what Amberg is trying to allege. To cite just one example, in her suit against the head of the German Embassy's emergency section (16-CV-0569), Amberg repeatedly requests "moving of the venue" without explaining whether this is referring to an attempt to transfer litigation from another court, or a reference to Amberg moving from Germany to the United States (she alleges that she is a citizen of Germany), or if Amberg is trying to say something else entirely.

To the extent that the Court understands what Amberg is trying to allege, none of the pleadings — neither Amberg's original complaints nor the many amended complaints — states a viable claim for relief:

- Amberg's first lawsuit (16-CV-0569) is her most indecipherable, despite Amberg having thrice amended her complaint in less than two weeks. Amberg's original complaint in this proceeding alleges that the head of the German Embassy "may have

ambivalent intents," but Amberg does not expand upon this comment in a way that would put either the defendants or the Court on notice of what Amberg is attempting to allege. Her amended complaints, and the exhibits attached to those complaints, do not make matters any clearer.

- In her lawsuit against Calvin Litsey (16-CV-0573), Amberg alleges that Litsey caused "significant damage" to her "standard of living." She also alleges that her claim is related to "intellectual property" and "copyright." But nowhere in the complaint does Amberg allege what Litsey did, or failed to do, that caused this financial harm or infringed upon her intellectual property (or even what this intellectual property might be).

- In her lawsuit against Google, Microsoft, and "mail.com" (16-CV-0577) Amberg alleges that someone is screening her word-processing software and email accounts. Amberg does not allege what this screening entails, nor does she allege a plausible basis for believing that this screening is taking place. Moreover, the Court does not know what type of claim — invasion of privacy, consumer-protection statute violations, or something else — that Amberg is attempting to bring in this lawsuit.

- Amberg's fourth lawsuit (16-CV-0579) appears to be related to her first — the three defendants named in the first lawsuit are also named in this lawsuit — but again, this Court simply cannot decipher what Amberg is trying to allege, other than that the defendants caused her "financial loss" and that the head of the German Embassy "did not act." Simply put, the facts alleged by Amberg, to the extent that the Court understands them, do not amount to a violation of state or federal law.

- In her fifth lawsuit (16-CV-0661), Amberg alleges that "Foshay" — she is not clear whether this is a person, a business, or something different — violated copyright and trade-secret protections by taking and publishing photographs that were "substantially similar" to ones she had previously taken. Her bare-bones allegations, which do not even describe the photographs at issue, are not enough to state a plausible claim of copyright infringement. In addition, Amberg alleges that the infringing photographs appeared in a trade magazine in 2010. Federal copyright claims are governed by a three-year statute of limitations. *See* 17 U.S.C. § 507(b). That limitations period starts from when "'the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.'" *Design Basics, L.L.C. v. Carhart Lumber Co.*, No. 8:13CV125, 2016 WL 424974, at *2 (D. Neb. Feb. 3, 2016) (quoting *Petrella v. Metro-Goldwyn-Meyer, Inc.*, 134 S. Ct. 1962, 1969 n.4 (2014)). If the infringing photographs were published six years ago, it is extraordinarily doubtful that Amberg will be able to maintain an action for copyright infringement based on those documents (despite her repeated averments that "the statute of limitations does not apply"), as she likely should have discovered any injury resulting from the infringement more than three years ago.

- Finally, Amberg alleges (16-CV-0665) that Shinhin Bank failed to wire funds to her within six business days of her request. Even assuming this is true, this Court does not know what cause of action Amberg is pursuing based on that allegation or how Shinhin Bank's actions or omissions violated the law.

Because Amberg has failed to state a claim on which relief may be granted in each of these cases, the Court will dismiss the six lawsuits pursuant to § 1915(e)(2)(B)(ii).  These actions will be dismissed *without* prejudice, however, so that Amberg may attempt to replead any of the claims that she tried to raise in these proceedings.  *See Tisdell v. Crow Wing Cnty.*, No. 13-CV-2531 (PJS/LIB), 2014 WL 1757929, at *5 n.7 (D. Minn. Apr. 30, 2014) (citing cases and recommending dismissal without prejudice for complaint that failed to state a claim upon which relief could be granted where amendment of the complaint would not necessarily be futile).  If Amberg intends to further pursue any of these actions, she should consult with a lawyer before filing a new lawsuit.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Each of the above-captioned cases is **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Sonja Tsihae Amberg's applications to proceed *in forma pauperis* are **DENIED**.

3. All other pending motions and requests are **DENIED AS MOOT**.

Dated: March 30, 2016         s/ Susan Richard Nelson
                              Judge Susan Richard Nelson
                              United States District Court